**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SHAWN LYNN GAGE, ID # 11048507,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-1599-D-BH |
| ) | |
| **UNKNOWN DALLAS POLICE OFFICER** ) | |
| **(KIRK?), et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be dismissed as time-barred.

**I. BACKGROUND**

Plaintiff filed this suit under 42 U.S.C. § 1983 against two unnamed Dallas police officers on or about July 1, 2011. (Compl. at 3-4). He claims that the police officers used excessive force by repeatedly stomping on him during his arrest on July 8, 2009, and that the officers threatened retaliation against his family if he reported the incident. *Id.* He has provided a physical description of the officers who arrested him; a partial name for one of the officers; the date, time of day and location of the arrest; and details about the presence of the U.S. Marshal's Service. (Magistrate Judge Questionnaire ("MJQ"), Ans. 1, 2).

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate at the Dallas County jail who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  JOHN DOE DEFENDANTS

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 Fed. Appx. 717, *3 (5th Cir. 2007), *citing Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and

personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Because Plaintiff has provided a physical description of the police officers, a partial name for one, and the date, time and specifics of the arrest, it is possible that their identities could be learned through discovery. His suit against unknown defendants is therefore permissible.

## IV. STATUTE OF LIMITATIONS

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date

3

his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff was arrested and allegedly beaten on July 8, 2009. Because he knew the factual basis for his claims on that date, his claims accrued on that date. He claims he placed his complaint in the prison mail on July 1, 2011[1], seven days before the two-year limitations period expired. (Compl. at 5). Because any attempt to substitute the proper defendants will occur after the limitations period has expired, the claims against them will be time-barred in the absence of equitable tolling.[2]

---

[1] Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995).

[2] Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment changing the name of a party to a pleading may relate back to the date of the original complaint for limitations purposes when there has been a mistake in identifying a defendant. The Fifth Circuit has made clear that an amendment to substitute a named party for a John Doe defendant does not relate back under Rule 15(c) because use of a John Doe designation is the result of lack of knowledge rather than a mistake. *Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998)*; see also Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) (post-limitations attempt to amend complaint to substitute named defendants for John Does was futile because claims did not relate back and therefore were time-barred).

## V. TOLLING

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

A plaintiff may be entitled to equitable tolling of the limitations period so as to permit amendment of his complaint to properly name a Doe defendant after limitations has run. *See Green*, 260 Fed. Appx. 717, at *2. In *Green*, the Fifth Circuit found entitlement to equitable tolling where the plaintiff had filed suit filed eleven months before limitations expired and diligently sought to discover the identity of the Doe defendant but had been prevented from doing so by repeated denials of his discovery motions. *Id.* 2-3. Courts have found no entitlement to equitable tolling where a plaintiff waited until the very end of the limitations period to file suit against unknown defendants, leaving insufficient time for discovery of their identities, however. *See Spencer v. Doe*, 2011 WL 3444336, *3 (N.D. Tex. Aug. 4, 2011) (no equitable tolling where plaintiff waited until two weeks before limitations period elapsed before filing suit against Doe defendants despite the fact he was

5

in lock down and/or did not have access to a law library for a period of time); *Perez v. Doe*, 3:10-CV-2390-K (N.D. Tex. June 29, 2011) (no equitable tolling were plaintiff had a DVD of alleged assault for a year and a half but waited until one day before limitations ran to file suit against Doe defendants); *Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (no equitable tolling because the plaintiff did not allow enough time for discovery to be conducted of unknown defendants' identities where suit was filed only two months before limitations ran and were added to the suit after the limitations had expired); *Nazerzadeh v. Harris County*, 2010 WL 3817149, *36 (S.D. Tex. Sept. 27, 2010) (no equitable tolling as to "John Doe" officers where suit was filed on last day of the limitations period, too late to permit discovery into their identities before limitations ran). Here, Plaintiff likewise did not allow sufficient time for discovery about the defendants' identities before the statute of limitations elapsed seven days after he mailed his complaint. (The limitations period expired before his complaint was even received by the Court.) He has not explained why he could not have filed suit earlier. He claims that he filed a complaint with the U.S. Marshal's Service the day after his arrest and that he was initially concerned that the officers would retaliate against him (Comp. at 4, MJQ Ans. 2, 6), but he does not explain why he waited almost two years to file his suit. He has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in order to permit him to conduct discovery of their identities and name them after the limitations period expired. Plaintiff's claims should therefore be dismissed as time-barred.

## VI. RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based on his failure to file suit against named defendants within the

statutory period of limitations. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C.§ 1915(g).[3]

**SIGNED this 22nd day of September, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.